Clerke, J.
The only question arising on the demurrer is, whether the complaint contains an averment sufficiently certain to enable a jury to determine whether the alleged libel was intended to apply to the plaintiff. No name is mentioned; but the New Jersey Railroad is specifically mentioned ; its management, in certain respects, severely condemned. And it is alleged that, after the accident which had befallen Mr. Dwight, a man came into the cars where his daughter was striving to get out to attend upon her father; that this man seemed to be a conductor, and in the roughest manner asked who checked the engineer; that he turned to her and said : “D—n you, do you mean to get off? I’ll go on if you don’t step quick-and that, after a question put by her, he went on cursing and ordering her off.
It is clear that, by this statement, some individual is meant. No doubt the conduct of the company is severely condemned in a previous part of the article; but some individual in their employment, or who represented himself to be in their employment, is held up also for public animadversion. If, therefore, the complaint is so free from ambiguity as that a jury can say that the individual referred to is the plaintiff, I Brink the action can be maintained. The company may. have their redress if they have been libeled. Their conductor is also entitled to redress if he has been libeled.
It is now well established, that where libelous matter is charged against some particular person, either not named or who is so ambiguously described that the person meant *345 cannot be identified without the aid of extrinsic facts—in such a case, by the introduction of proper averment and a colloquium, the words taken in connection with the whole libel may be rendered sufficiently certain to support the action. It will then be proper to permit the whole to go the jury to determine, as a question of fact, whether by the person mentioned in the alleged libel the plaintiff was intended. (See Van Vechten v. Hopkins, 5 Johns., 211.) In this case, as I have said, some person is accused of improper, and, indeed, cruel, heartless conduct; and the jury must decide whether that individual is or is not the plaintiff.
■Demurrer overruled, with costs, with liberty to the defendant to answer in twenty days on payment of costs